## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 58 | **DATE** | 3/24/2003 |
| **CASE TITLE** | LOWE vs. SRA/IBM MACMILLIAN PENSION PLAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' objections to the magistrate judge's report and recommendation of December 11, 2002 [68-1] are overruled. On the court's own motion, Geneva Lowe, SRA/IBM MacMillan Pension Plan, and HRSC-Retirement Plan, S-1 are dismissed. The magistrate judge's report and recommendation of 12/11/02, Doc. No. 64 is adopted in full. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 25 2003 | 79 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to Magistrate Judge Denlow. | | 3/24/2003 | |
| | | | date mailed notice | |
| CB | courtroom deputy's initials | | PW | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENEVA LOWE and GEORGE LOWE,       )
                                    )
            Plaintiffs,             )   No. 01 C 58
                                    )
    v.                              )   Suzanne B. Conlon, Judge
                                    )
SRA/IBM MACMILLAN PENSION PLAN      )
HRSC-RETIREMENT PLAN, S-1, THE      )
MCGRAW-HILL COMPANIES EMPLOYEES     )
RETIREMENT PLAN and THE MCGRAW-HILL )
COMPANIES,                          )
                                    )
            Defendants.             )

**DOCKETED**

**MAR 2 5 2003**

## MEMORANDUM OPINION AND ORDER

George Lowe ("Lowe") sued SRA/IBM Macmillan Pension Plan, HRSC Retirement Plans, the McGraw-Hill Employee Retirement Plan, and McGraw-Hill Companies, Inc. (collectively, "defendants"). Lowe sought declaratory judgment, recovery of benefits, and fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, *et seq.* Lowe's motion for an order of default for failure to appear or answer was granted in part. Minute Order of 4/24/01, Doc. No. 12. The court found defendants in technical default and ordered prove-up documents to be submitted. *Id.* Lowe filed a memorandum and affidavit in support of his request for damages, fees, and costs. On May 24, 2001, the court inadvertently entered default judgment against defendants. Minute Order of 5/24/01, Doc. No. 20. On defendants' motion, entry of judgment was vacated pursuant to Fed. R. Civ. P. 60(a). Minute Order of 3/5/03, Doc. No. 78. The court referred Lowe's motion for entry of judgment and request for attorneys' fees to a magistrate judge. Minute Orders of 6/4/01, Doc. No. 22;

1

79

6/8/01, Doc. No. 23. After an evidentiary hearing, the magistrate judge issued a report and recommendation regarding Lowe's motions for default judgment and petition for attorneys' fees. Minute Order of 12/11/02, Doc. No. 64. The magistrate also recommended that Geneva Lowe, SRA/IBM MacMillan Pension Plan, and HRSC-Retirement Plan, S-1 be dismissed as parties to this action. *Id.* Pursuant to Fed. R. Civ. P. 72(b), defendants object to the magistrate's recommendation to award statutory penalties and attorneys' fees.

## BACKGROUND

### I. Facts

Defendants do not object to the magistrate judge's statement of facts. Thus, the court adopts the magistrate's factual findings. *United States v. Klein*, 2001 WL 16554771, at *1 (N.D. Ill. 2001). Lowe is the surviving spouse of Geneva Lowe. Mrs. Lowe was a former employee of Science Research Associates ("SRA"). As an employee, she was entitled to certain pension benefits under the now-combined SRA/IBM-McGraw-Hill Companies Employee Retirement Plan.

In 1994, the SRA Plan became part of the McGraw-Hill Plan. Since then, McGraw-Hill assumed responsibility for administering the plan. Mrs. Lowe collected monthly benefits from the plan from 1993 until she died in January 1999. In March 1999, Annette Bell, Mrs. Lowe's executor, informed the plan that Mrs. Lowe died. A McGraw-Hill Plan administrator wrote Bell and provided a copy of a form that indicated Mrs. Lowe elected a single life annuity providing for monthly payments only during her lifetime. The plan payments ceased.

Lowe subsequently received notice from the Social Security Administration that he may be entitled to pension benefits from the plan. In reviewing his wife's plan documents, Lowe

2

discovered an annuity election form that he and his wife signed November 23, 1992. That form did not indicate that Mrs. Lowe had only elected a single life annuity. Lowe mailed a copy of the Social Security notice to the McGraw-Hill Plan administrators and requested they provide him with claim papers to collect the benefits that may be due him from the plan. Jana Bittner, Coordinator of McGraw-Hill Retirement Plans, informed Lowe that his wife had elected a single life annuity that only provided a monthly pension during her lifetime. The letter invited Lowe to call if he had questions.

Lowe called Bittner to investigate his eligibility under the plan. In response to the call, Bittner sent Lowe McGraw-Hill's copy of the election form. The document was identical to Lowe's election form, except the form from Bittner contained a check next to the single life option, whereas his form did not. On July 24, 1999, Lowe wrote to Bittner and explained the election forms were different. He also requested (i) a copy of the plan, including payment benefits and rights, (ii) the signed documents that initiated Mrs. Lowe's benefit payments, (iii) a signed copy of the Social Security leveling option, and (iv) a copy of the documents referred to by Social Security indicating a payment due to Geneva Lowe's spouse. The plan administrators did not respond.

On September 11, 1999, Lowe again requested the plan administrator to send him the previously requested documents. In addition, he informed the plan administrator that if the matter was not resolved by November 30, 1999, he would seek legal advice. The plan administrator again failed to respond or provide reasonable explanation for the inaction.

Lowe then contacted the U.S. Department of Labor for assistance in obtaining copies of the plan and related documents. On November 15, 1999, Jonathan Kay, U.S. Department of

3

Labor, sent Bittner a request for a summary of the plan and a copy of the agreement by which the Lowes accepted the single life annuity. Bittner sent Kay the requested documents on February 29, 2000.

On January 4, 2001, Lowe filed a *pro se* complaint against defendants. On July 24, 2001, Lowe finally received a copy of the plan documents in anticipation of a possible settlement conference. Lowe contacted at least fifteen attorneys before finding one to assist him in the case. Defendants were aware the election form in their possession did not comply with the plan because the signatures were neither notarized nor witnessed. Defendants confirmed that proper procedures were not followed and as a result, Lowe was entitled to collect pension benefits.

## DISCUSSION

### I. Legal Standard

In reviewing a magistrate judge's report and recommendation, the district court must "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

### II. The Magistrate Judge's Recommendations

The magistrate judge recommended that judgment be entered in favor of Lowe and against defendants The McGraw-Hill Companies Employee Retirement Plans and the McGraw-Hill Companies, Inc. as follows: (i) for $277.90 per month from March 1999 through the date of judgment plus prejudgment simple interest of 4.25%, the current prime rate per annum on each payment; (ii) for declaratory judgment that Lowe is entitled to $277.90 per month from the plan

4

from the date of judgment until his death; (iii) for a penalty in the amount of $35,050, consisting of $50 per day from August 23, 1999 through July 24, 2001 (701 days); and (iv) attorneys' fees and costs in the amount of $19,274.64 through the date of the evidentiary hearing on November 20, 2002, plus additional fees incurred through the date of judgment. The magistrate judge also recommended that Geneva Lowe, SRA/IBM MacMillan Pension Plan, and HRSC-Retirement Plan, S-1 be dismissed as parties to this action. Geneva Lowe is not party to this litigation even though she is listed as a plaintiff in the caption. The SRA/IBM-MacMillan Pension Plan and the HRSC-Retirement Plan, S-1, are also listed in the caption as defendants but no longer exist as separate entities. Defendants objected to the magistrate's recommendation that a statutory penalty be imposed and attorneys' fees awarded.

### III. The Statutory Penalty

ERISA requires plan administrators to provide pension and benefit information to participants or beneficiaries. 29 U.S.C. § 1024. Specifically, a plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated [plan] summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). If the administrator does not provide the information within thirty days, the administrator is subject to statutory penalties. 29 U.S.C. § 1132(c)(1). The district court has discretion to impose a penalty of up to $100 per day for violations of § 1132(c)(1). *Harsch v. Eisenberg*, 956 F.2d 651, 662 (7th Cir. 1992); 29 U.S.C. § 1132(c)(1). To trigger the discretionary power to impose statutory penalties under 1132(c)(1), a participant must establish that the administrator was required to make available the requested information, that the

5

participant requested the information, and that the administrator failed to provide the information. *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987). The court's primary focus should be on the administrator's conduct, not the impact on the participant. *Ziaee v. Vest*, 916 F.2d 1204, 1210 (7th Cir. 1991). Other factors the court may consider include "bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant." *Jackson v. E.J. Brach Corp.*, 937 F. Supp. 735, 738 (N.D. Ill. 1996).

The magistrate recommended the statutory penalty of $35,050 for McGraw-Hill's failure to provide Lowe with the documents he requested in July and September 1999. The magistrate based this recommendation on findings that defendants knew the election form in their possession did not comply with the plan and acted in bad faith in refusing to provide Lowe with basic plan documents. Defendants argue that the penalty is unwarranted because they did not act in bad faith and Lowe was not prejudiced. Specifically, defendants maintain that their failure to provide plan documents was justified because (i) their information was unorganized due to their assumption of administrative responsibility over the SRA retirement plan, and (ii) the plan administrator believed Lowe waived survivor benefits and was not entitled to plan documents.

Defendants' lack of organization does not justify or excuse their failure to comply with statutory duties. Further, defendants' belief that Lowe was not entitled to plan documents is unreasonable in light of Lowe's letters of July 24 and September 11, 1999. Those letters informed defendants that Lowe's election form copy and McGraw-Hill's election form copy differed in the choice of a single life annuity or an annuity with survivor benefits. The failure to

respond to a surviving spouse in these circumstances is unjustified. Therefore, the court adopts the magistrate's recommendation to assess the statutory penalty of $35,050 against defendants. The $50 per day penalty is reasonable in light of defendants' unjustifiable withholding of basic plan documents and failure to satisfy statutory obligations. *See Hess v. Hartford Life & Accident Ins. Co.*, 91 F.Supp.2d 1215, 1225 (C.D. Ill. 2000) (imposing $50.00 per day fine when administrator "demonstrated remarkably bad judgment and apathy toward satisfying its unequivocal obligations").

## IV. Attorneys' Fees

ERISA vests courts with discretion to award reasonable attorneys' fees and costs to a beneficiary prevailing in an action involving delinquent contributions. 29 U.S.C. § 1132(g)(1). Two tests are applied to determine whether a prevailing plaintiff deserves an award of attorneys' fees. *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (1998). The first test involves five factors: (i) the degree of the offending parties' culpability or bad faith; (ii) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (iii) whether an award of attorneys' fees would deter other persons acting under similar circumstances; (iv) the amount of benefit conferred on members of the pension plan as a whole; and (v) the relative merits of the parties' positions. *Id.* The second test looks to whether the losing parties' position was "substantially justified." *Id.*

The magistrate recommended that under either test, Lowe is entitled to an award of attorneys' fees. This court agrees. First, defendants' degree of culpability is high. As administrators of the plan, defendants admit to having a fiduciary relationship with Lowe. Although initially Lowe's status as a beneficiary was questionable, when Lowe disclosed the

discrepancy in the election forms, defendants acted in bad faith in failing to respond or provide basic plan documents to him. These failures forced Lowe to take legal action, even after working with a representative of the U.S. Department of Labor. In addition, once Lowe filed suit, defendants failed to respond and were found in technical default. Defendants' behavior suggests they would not have sent the information at all if Lowe had not filed this lawsuit. Second, McGraw-Hill, a large conglomerate, is able to satisfy an award of attorneys' fees. Third, the deterrent effect of an award of attorneys' fees and the beneficial effects on future plan participants are substantial.

Defendants' position was not substantially justified. As noted above, defendants were not justified in failing to provide basic plan documents because of a lack of organization or belief that Lowe was not entitled to plan benefits. Defendants knew of the discrepancies in the election forms. Rather than take action as a fiduciary to determine a beneficiary's monthly payment, defendants simply ignored Lowe's requests for plan documents.

Defendants argue that the full amount of attorneys' fees is not reasonable because fees for an expert retained to interpret the plan are included. Defendants contend the fees are unnecessary because the magistrate ultimately rejected the expert's opinion. The court disagrees. The parties disputed the amount of the monthly payment awarded to Lowe under the plan. Pl. Res., Ex. 5, at 34. The court accepted the witness as an expert in administering pension plans. *Id.* at 56. Although the magistrate ultimately did not adopt the expert's view, this does not justify defendants' dilatory behavior in ignoring Lowe's repeated requests for plan information. Defendants do not object to the reasonableness of the hourly rate charged by Lowe's counsel.

Accordingly, the court adopts the magistrate's recommendation to award $19,274.64 in attorneys' fees.

## CONCLUSION

Defendants' objections to the magistrate judge's report and recommendation are overruled. The court adopts the report and recommendation in full. Geneva Lowe, SRA/IBM MacMillan Pension Plan, and HRSC-Retirement Plan, S-1 are dismissed as parties.

March 24, 2003

ENTER:

*Suzanne B. Conlon* (signature)
Suzanne B. Conlon
United States District Judge